**LAW OFFICES OF RICHARD HAMLISH**
**910 HAMPSHIRE ROAD, SUITE G**
**WESTLAKE VILLAGE, CALIFORNIA 91361-1407**
**Telephone: (806)497-6632**
**FAX: (805)497-2703**
**SBN 122389**

Attorney for Plaintiff
Sona Vartanian
Pacific Marine Center, Inc.

**UNITED STATES DISTRICT COURT**

**FOR EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PACIFIC MARINE CENTER, INC., a California corporation; SONA VARTANIAN, an individual<br><br>Plaintiffs,<br><br>v.<br><br>Scott Silva, in his individual capacity; and DOES 1-100 inclusively<br><br>Defendants. | CASE NO. CV<br><br>COMPLAINT FOR DAMAGES IN VIOLATION OF CONSTITUTIONAL RIGHTS<br><br>(42 U.S.C. §§ 1983, 1988)<br><br>DEMAND FOR JURY TRIAL |

NOW COMES PACIFIC MARINE CENTER, INC. and SONA VARTANIAN, who alleges as follows;

**JURISDICTION**

1. This cause of action arises, in part, under Title 42, United States Code, §1983 and §1988, wherein plaintiffs seeks to redress deprivations under color of law of rights secured to them by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, the Constitution of the State of California and the California general statutes and regulations.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(3) and (4).

3. The venue is proper in that the events took place in the County of Madera, State of California

**PARTIES**

4. Pacific Marine Center, Inc. is and was, at all times relevant to this action, a California corporation in good standing doing business in County of Madera, State of California.

5. Sona Vartanian is and was, at all times relevant to this action, a resident of the County of Fresno, State of California. Sona Vartanian is the sole owner of Pacific Marine Center, Inc. Sona Vartanian holds 100% of the shares of Pacific Marine Center, Inc. a California corporation in good standing.

6. Scott Silva is an investigator for the Department of Motor Vehicles for the State of California and is being sued in his individual capacity.

7. There are several other law enforcement officers involved in this matter. The true names of those law enforcement officers [defendants Doe 1 through 25, inclusive], is now unknown to plaintiff who therefore sues said defendants by such fictitious names but upon ascertaining the true identity of each Doe defendant, plaintiff will substitute same or seek leave to do so, in lieu of such fictitious name.

8. Plaintiff is informed and believes and based thereon allege that each of the above named defendants are in some way responsible for the injuries of plaintiff herein complained of.

**SUMMARY OF MATERIAL FACTS**

9. On or about August 5, 2009, Defendant Silva sought and obtained a warrant to search the premises located at "10452 Highway 41 in Madera." The warrant described the premises as a single level metal building and includes the address of 10542 Highway 41 in the County of Madera, State of California. 10. The above mentioned warrant commanded Silva to search for specific property,

namely, “Any and all Dealer Jackets. . . and any other documents which may show criminal activity pertaining to purchase and/or sale of vehicles. All completed warranty contracts for, but no limited to Passport warrant company.”

11. The above mentioned warrant authorized investigating officers, at their discretion, to seize all “computer systems,” computer programs or software,” and “supporting documentation,” as defined in Penal Code 502(b).

12. The above mentioned warrant authorized Silva to seize “Books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier’s check receipts, pass books, bank checks, and other items evidencing the obtaining, secreting, and/or concealment of assets and the obtaining, securing, transfer, concealment and/or expenditure of money.”

13. The above mentioned warrant authorized Silva to seize identity documents. Indicia of residency, occupancy, and/or ownership of the premises described in the warrant including but not limited to utility and telephone bills, canceled envelopes, safety deposit box keys, passports, drivers licenses, identity cards address books photographs and vehicle registrations.

14. The above mentioned warrant authorized Silva to seize answering machines, pagers and cellular phones.

15. On or about August 10, 2009, Silva and other unknown persons (DOES) entered the premises at 10452 Highway 41, County of Madera, State of California which housed the offices of Pacific Marine Center, Inc. Plaintiff Sona Vartanian asked what was the purpose of the search and requested to see the search warrant and the affidavit in support of the search warrant. Silva told Plaintiff Vartanian that he did not have to explain anything to her; he gave Sona Vartanian a copy of the search warrant but refused to give her a copy of the affidavit in support of the search warrant.

16. After ransacking the entire business office and throwing files and records in disarray, Silva and other unknown persons (DOES) seized all the records

of Pacific Marine Center, Inc. and carried those records away in approximately thirty boxes. Much of the records seized by Silva is not recorded on the property receipt.

17. Silva also took the personal records of Sona Vartanian as well as her personal computer and did not record the taking of that computer or those records and documents on the property receipt.

18. Silva took records and documents not related to Pacific Marine Center, Inc. and did not record the taking of those records and documents on the property receipt.

19. For no apparent reason other than vindictiveness, Silva disconnected the video surveillance system and viciously ripped out all the wiring for that system making the system inoperative.

20. Silva also disconnected the computer system, took a portion of the computer system and then viciously made the remaining portion of computer inoperative.

**FIRST CAUSE OF ACTION**

(Fourth Amendment Violation-Unreasonable Search and Seizure)

(By all Plaintiffs)

(Against Silva and DOES 1-25)

21. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 21 and each of them inclusively and by this reference incorporate the same herein and make each a part thereof.

22. Defendant Silva gave false information in the affidavit in support of the search warrant. Silva swore by Proof of Affidavit that there was stolen or embezzled property at 10452 Highway 41, County of Madera, State of California and/or at 10432 Highway 41, County of Madera, State of California.

23. Defendant Silva gave further false information in the affidavit in support of the search warrant. Silva swore by Proof of Affidavit that there was property or things which were used as the means of committing a felony at 10452 Highway 41, County of Madera, State of California and/or at 10432 Highway 41, County of Madera, State of California.

24. Defendant Silva gave further false information in the affidavit in support of the search warrant. Silva swore by Proof of Affidavit that there was property or things which consist of any item or constitute any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony at 10452 Highway 41, County of Madera, State of California and/or at 10432 Highway 41, County of Madera, State of California.

25. The warrant does not mention the name of Sona Vartanian yet personal items of Sona Vartanian were seized by Silva. Silva requested identity documents such as indicia of residency and passports in the search of a business . Defendant Silva seized documents and records well beyond the scope of the search warrant.

26. The search warrant specifically limits the seizure to items which may show ***criminal activity*** pertaining to the ***purchase and/or sales of vehicles***. Pacific Marine Center, Inc. was in the business of selling and servicing vessels [boats] not vehicles. None of the records seized by Silva and other defendants pertained to vehicles; they only pertained to vessels [boats]. Every place searched and every single item seized was the subject of an illegal search and seizure.

27. The object of Silva's search and seizure was to "put Pacific Marine Center, Inc. out of business." All of its records, documents, and computer were seized. The effect of Silva's search and seizure was to put Pacific Marine Center, Inc. out of business.

28. Silva, by use of a false statements and the reckless disregard of the truth, submitted an Affidavit in Support of Search Warrant. Absent these false

statements and the reckless disregard for the truth, Silva would not have been able to show probable cause for the search and seizure of Pacific Marine Center, Inc.

29. Silva has not alleged what crimes/felonies were committed by Pacific Marine Center, Inc.

30. Silva has not alleged what crimes/felonies were committed by Sona Vartanian.

31. As a proximate cause of the aforementioned acts and omissions of defendants and each of them, and by reason thereof, Plaintiffs' business has been effectively terminated and Plaintiffs claim damages from the defendants, and each of them, in the amount of Ten Million Dollars ($10,000,000.00)

32. The aforementioned acts and omissions of each defendant was done by each defendant knowingly, intentionally and maliciously for the purpose of inflicting mental pain, oppression and emotional distress upon plaintiff Sona Vartanian, and in reckless, wanton and callous disregard of plaintiff's well-being, security and civil rights; and by reason thereof, plaintiffs claim exemplary and punitive damages from each defendant in the sum of Ten Million Dollars ($10,000,000.00).

33. By reason of the aforementioned acts and omissions of defendants, and each of them, plaintiffs were required to and did retain an attorney to institute and prosecute the within action, and to render legal assistance to plaintiff that they might vindicate the loss and impairment of their aforementioned rights; and by reason thereof, plaintiffs request payment by defendants of reasonable attorney's fees pursuant to 42 U.S.C. §1988.

///

///

///

///

///

**SECOND CAUSE OF ACTION**

(Fourteenth Amendment Violation-Due Process)

34. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 33 and each of them inclusively and by this reference incorporates the same herein and makes each a part thereof.

35. Defendants and each of them, failed to provide due process to Plaintiffs and deprived Plaintiffs of their business property without due process of law.

36. As a proximate cause of the aforementioned acts and omissions of defendants and each of them, and by reason thereof, Plaintiffs have been deprived of their business. Plaintiffs claim damages from the defendants, and each of them, in the amount of Ten Million Dollars ($10,000,000.00)

37. The aforementioned acts and omissions of each defendant was done by each defendant knowingly, intentionally and maliciously for the purpose of inflicting mental pain, oppression and emotional distress upon plaintiff, and in reckless, wanton and callous disregard of plaintiff's well-being, security and civil rights; and by reason thereof, plaintiff claims exemplary and punitive damages from each defendant in the sum of Ten Million Dollars ($10,000,000.00).

38. By reason of the aforementioned acts and omissions of defendants, and each of them, plaintiffs were required to and did retain an attorney to institute and prosecute the within action, and to render legal assistance to plaintiff that they might vindicate the loss and impairment of their aforementioned rights; and by reason thereof, plaintiff request payment by defendants of reasonable attorney's fees pursuant to 42 U.S.C. §1988.

///

///

///

///

///

**THIRD CAUSE OF ACTION**

(Defamation-Violation of Fourteenth Amendment)

39. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 38 and each of them inclusively and by this reference incorporates the same herein and makes each a part thereof.

40. Defendants gave statements to the media, i.e.local television stations and newspapers, which included false statements about Sona Vartanian and Pacific Marine Center, Inc.

41. As a proximate cause of the aforementioned acts and omissions of defendants and each of them, and by reason thereof, Plaintiffs' reputation in their business has been severely damaged. Plaintiffs claim damages from the defendants, and each of them, in the amount of Ten Million Dollars ($10,000,000.00)

42. The aforementioned acts and omissions of each defendant was done by each defendant knowingly, intentionally and maliciously for the purpose of inflicting mental pain, oppression and emotional distress upon plaintiff, and in reckless, wanton and callous disregard of plaintiff's well-being, security and civil rights; and by reason thereof, plaintiffs claim exemplary and punitive damages from each defendant in the sum of One Million Dollars ($1,000,000.00).

43. By reason of the aforementioned acts and omissions of defendants, and each of them, plaintiff was required to and did retain an attorney to institute and prosecute the within action, and to render legal assistance to plaintiff that they might vindicate the loss and impairment of their aforementioned rights; and by reason thereof, plaintiff request payment by defendants of reasonable attorney's fees pursuant to 42 U.S.C. §1988.

**WHEREAS**, plaintiff prays for damages against defendants and each of them, as follows:

1. General damages of $10,000,000.00 against each defendant for each cause of action;

2. Punitive and exemplary damages, in the federal causes of action, for each plaintiff from each defendant, in the sum of $10,000,000.00 for each cause of action;

3. Reasonable attorney's fees, costs and expenses according to proof;

4. Such other and further relief as this Court may deem proper, appropriate and just.

Dated: August 10, 2009 ______________________________

RICHARD HAMLISH

**DEMAND FOR JURY TRIAL**

Pursuant to **Federal Rules of Civil Procedure Rule 38**, plaintiff hereby demands a trial by jury.

Dated: August 10, 2009 ______________________________

RICHARD HAMLISH