# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE CENTER, INC. et al.,<br><br>  Plaintiffs,<br><br>   vs.<br><br>SCOTT SILVA, TOM WILSON, E. ESSEGIAN,<br><br>  Defendants.<br>_____ / | CASE NO. CV F 09-1409 LJO GSA<br><br>**ORDER ON MOTIONS TO DISMISS**<br>(Doc. 10 and 13) |

Pending before the Court are two motions to dismiss made pursuant to Fed.R.Civ.Proc. 12(b)(6). Defendant Edward Essegian moves to dismiss and for a more definite statement pursuant to Fed.R.Civ.Proc. 12(b)(6) and 12(e). (Doc. 10.) Defendants Scott Silva and Tom Wilson move to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. 13.) Plaintiffs Pacific Marine Center, Inc. and Sona Vartanian filed an opposition to the Edward Essegian motion on October 2, 2009 and to the Scott Silva and Tom Wilson motion on October 5, 2009. (Doc. 15 and 17.) The Court determines it is appropriate to rule in advance of the reply briefs by the moving parties. Pursuant to Local Rule 78-230(h), these motions were submitted on the pleadings without oral argument. Therefore, the hearing set for October 28, 2009 is VACATED. Having considered the moving and opposition papers, as well as the Court's file, the Court issues the following order.

**FACTUAL OVERVIEW**

Plaintiffs Pacific Marine Center, Inc. and Sona Vartanian bring this action based upon a search warrant that was executed at the business of plaintiff Pacific Marine on August 10, 2009. Defendant Scott Silva is an investigator for the Department of Motor Vehicles ("DMV"). (Doc. 4, Complaint ¶6.) Defendant Tom Wilson is the supervisor for the investigative department of DMV and Silva's supervisor. (Doc. 4, Complaint ¶7.) Defendant Edward Essegian is a deputy sheriff for the County of

Madera.[1]  (Doc. 4, Complaint ¶8.)

Silva executed a search warrant at Pacific Marine's business premises on August 10, 2009.  The warrant identified documents to be seized as "any and all Dealer Jackets . . .  and any other document which may show criminal activity pertaining to purchase and/or sale fo vehicles. All completed warranty contracts for, but no[t] limited to Passport warrant company."  Other documents, such as "books, records, receipts, bank statement . . .," 'answering machines," "identity documents for indicia of residency" were also covered by the Search warrant. (Doc. 4, Complaint ¶¶11-14.)

Plaintiffs allege that the defendants began "ransacking the entire business office and throwing files and records in disarray."  (Doc. 4, Complaint ¶18.)  Plaintiffs allege that defendants took the personal records of Sona Vartanian and her personal computer and did not record the property on the property receipt.  (Doc. 4, Complaint ¶19.)  Plaintiffs allege that Sona Vartanian's property was not within the scope of the warrant.  Plaintiffs allege that defendants took other records not related to Pacific Marine and did not record that property on the property receipt. (Doc. 4, Complaint ¶19.)  Plaintiffs allege that these other records were not within the scope of the warrant.

Plaintiffs allege that the warrant was based upon false information given by Defendant Silva. Plaintiffs further allege that documents were seized that were "beyond the scope of the search warrant" because the warrant referred to "criminal activity" pertaining to "the purchase and/or sale of vehicles," and Pacific Marine Center, Inc. "was in the business of selling vessels [boats] not vehicles."  (Doc. 4, Complaint ¶28.) Plaintiffs further allege that defendants Wilson and Silva gave statements to the media which included false statements about Sona Vartanian and Pacific Marine Center, Inc.  (Doc. 4, Complaint ¶42.)

Plaintiffs allege the following causes of action:

1. First Cause of Action for Fourth Amendment violation for unreasonable search and seizure.

2. Second Cause of Action for Fourteenth Amendment violation of Due Process.

3. Third Cause of Action for defamation in violation of the Fourteenth Amendment.

---

[1] Defendant Essegian's moving papers indicate he is a deputy with the Fresno County Sheriff's department. The Court finds that, for purposes of deciding this motion, the employing governmental entity is not relevant.

2

Defendant Essegian moves to dismiss the first and second causes of action. Defendants Silva and Wilson move to dismiss the second and third causes of action.

## ANALYSIS AND DISCUSSION

### A.  Standard for Motion to Dismiss

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.2d 962, 969 (9th Cir. 2009).

A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In

practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969. If a plaintiff fails to state a claim, a court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**B.    F.R.Civ.P. 12(e) Motion Standards**

F.R.Civ.P. 8(a)(2) requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief." To comply with F.R.Civ.P. 8(a)(2), a plaintiff "must plead a short and plain statement of the elements of his or her claim, identifying the transactions or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Although F.R.Civ.P. 8 "encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 127 S.Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346, 125 S.Ct. 1627 (2005)). "Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

F.R.Civ.P. 12(e) empowers a party to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A F.R.Civ.P. 12(e) motion "attacks the unintelligibility of the complaint, not simply the mere lack of detail." *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005)*; see Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984); *Nelson v. Quimby Island Reclamation Dist.*, 491 F.Supp. 1364, 1385 (N.D. Cal. 1980). "A court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Neveu*, 392 F.Supp.2d at 1169 (citing *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D.Cal.1996)). A F.R.Civ.P. 12(e) motion is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted).

**C.    Pacific Marine's Standing**

Defendant Essegian argues that Pacific Marine lacks standing to allege a Fourth Amendment violation. Defendant argues that Pacific Marine lacks standing because there is no injury since "it is Vartanian who stands to possibly lose her liberty, not the corporation." (Doc. 10, Essegian moving papers p.4.)

The Fourth Amendment ensures that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. A person has standing to sue for a violation of this particular "right of the people" only if there has been a violation "as to him," personally. *U.S. v. SDI Future Health, Inc.,* 568 F.3d 684, 694-695 (9th Cir. 2009). In a Fourth Amendment claim, "[t]o establish actual standing, the [plaintiff] must demonstrate that he was the victim of an invasion of privacy." *United States v. Cella*, 568 F.2d 1266, 1280 (9th Cir.1977).

The allegations imply that the premises searched were the business premises of Pacific Marine, Inc. A corporate defendant has standing with respect to searches of corporate premises and seizure of corporate records. *U.S. v. SDI Future Health, Inc.*, 568 F.3d 684, 694 n.3 (9th Cir. 2009) ("Wisely, the government does not argue that [the corporation] itself lacks standing to challenge the underlying search and seizure.); *see also G.M. Leasing Corp. v. U. S.*, 429 U.S. 338, 353, 97 S.Ct. 619, 629 (1977) (corporations have Fourth Amendment rights). Pacific Marine thus has standing to challenge the search and seizure.

Defendant argues that there is no injury to Pacific Marine because a potential criminal action is as to plaintiff Vartanian and not Pacific Marine. The injury alleged, however, is the unconstitutional search and seizure of Pacific Marine's business premises. The alleged injury arose from the search and seizure of its business records. Pacific Marine has standing to allege that injury. Accordingly, the motions to dismiss for lack of standing is denied.

**D.    First Cause of Action Fourth Amendment - Search Warrant Validity**

Defendant Essegian argues that plaintiffs fail to plead that he violated the Fourth Amendment.

Defendant Essegian argues that he was not the search warrant affiant, and that he relied upon the facial validity of the warrant in executing it.

### 1. Search Warrant Standards - Probable Cause

California Penal Code section 1524(a)(4) authorizes a search warrant's issuance when "the property or things to be seized consist of any item or constitute any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony." In assessing whether a warrant passes constitutional muster, a court is obliged to make two inquiries: first, whether the scope of the search authorized by the warrant was justified by probable cause and, second, whether the warrant was sufficiently particular to limit the discretion of the officers executing it. *In re Grand Jury Investigation Concerning Solid State Devices, Inc.*, 130 F.3d 853, 856 (9th Cir. 1997).

In making a probable cause determination, a court's role is to ensure that the judge issuing the search warrant had a "substantial basis" to conclude probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2332 (1983); *United States v. Hendricks*, 743 F.2d 653, 654 (9th Cir. 1984), *cert. denied*, 470 U.S. 1006, 105 S.Ct. 1362 (1985). "The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238, 103 S.Ct. 2317.

"[I]t is clear that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.'" *Gates*, 462 U.S. at 235, 103 S.Ct. 2317 (quoting *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584 (1969)). "The facts . . . must be sufficient to justify a conclusion . . . that the property which is the object of the search is probably on the person or premises to be searched at the time the warrant is issued." *Durham v. United States*, 403 F.2d 190, 193 (9th Cir. 1968). In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched. *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 & n. 6, 98 S.Ct. 1970, 1976-1977 & n. 6 (1978); *United States v. Lalor*, 996 F.2d 1578, 1582 (9th Cir.), *cert. denied*, 510 U.S. 983, 114 S.Ct. 485 (1993). "The magistrate making the original determination of

probable cause is accorded significant deference by the reviewing court." *United States v. Fulbright*, 105 F.3d 443, 452 (9th Cir. 1996), *cert. denied,* 520 U.S. 1236 (1997).

Here, as to defendant Essegian, plaintiff does not plead that defendant Essegian bears any responsibility for the probable cause stated in the warrant. Plaintiffs acknowledge that his liability arises solely from the execution of the warrant: "Defendant Essegian has no liability for the false statements in the search warrant; his liability stems from the search itself and the search and seizure that was beyond the scope of the warrant." (Doc. 15, Opposition p.6:11-13.)

**2. Challenges pursuant to Illegal Search and Seizure**

Here, the opposition acknowledges that Essegian's role is limited to that of the executing officer.

A search conducted pursuant to a warrant generally may not be challenged unless the lack of probable cause was so apparent that the officer should have known it was absent. *Greenstreet v. County of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir. 1994). Inadequate probable cause for a warrant does not necessarily render an executing officer's reliance unreasonable because the existence of probable cause is often a difficult determination. *Ortiz v. Van Auken*, 887 F.2d 1366, 1370-71 (9th Cir.1989). As a general matter, the Constitution does not require the executing officers to "second-guess the legal assessments of trained lawyers." *Arnsberg v. United States*, 757 F.2d 971, 981 (9th Cir.1985), *cert. denied*, 475 U.S. 1010 (1986); see also *United States v. Leon*, 468 U.S. 897, 921, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) ("In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient"). *See United States v. Whitworth*, 856 F.2d 1268, 1280 (9th Cir.1988) (viewed in context of all the provisions, a catch-all provision did not render the search warrant overbroad), *cert. denied*, 489 U.S. 1084 (1989); *see also United States v. Whitten*, 706 F.2d 1000, 1009 (9th Cir.1983) (upholding warrant authorizing seizure of items indicating ownership or control of premises), *cert. denied*, 465 U.S. 1100 (1984).

Determining whether certain facts constitute probable cause differs from ascertaining whether a warrant is so facially overbroad that it precludes reasonable reliance. *Leon*, 468 U.S. at 921, 104 S.Ct. at 3419. Inadequate probable cause does not necessarily render a warrant facially invalid nor prevent reasonable belief in the existence of probable cause. *Leon* emphasizes that generally "an officer cannot

be expected to question the magistrate's probable-cause determination."

Here, plaintiffs have alleged that defendant Essegian is sued in his individual capacity and that he was one of the officers who executed the warrant. (Doc. 4, Complaint ¶8.) Plaintiffs do not assert that Essegian made any false statements contained in the warrant: "Plaintiffs have not alleged that Defendant Essegian was an Affiant on the search warrant and that he made any false statements in support of the search warrant." (Doc. 15, Opposition p. 6.) His liability stems from the search itself and the search and seizure that was beyond the scope of the warrant. (Doc. 15, Opposition p. 6.)

What is reasonable for a particular officer depends on the officer's particular role in the search. *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1027 (9th Cir. 2002), *cert. denied,* 537 U.S. 1231 (2003). As the Ninth Circuit has explained:

> Because searches often require cooperation and division of labor, officers' roles can vary widely. Typically, only one or a few officers plan and lead a search, but more--perhaps many more--help execute it. The officers who lead the team that executes a warrant are responsible for ensuring that they have lawful authority for their actions. A key aspect of this responsibility is making sure that they have a proper warrant that in fact authorizes the search and seizure they are about to conduct. The leaders of the expedition may not simply assume that the warrant authorizes the search and seizure. Rather, they must actually read the warrant and satisfy themselves that they understand its scope and limitations, and that it is not defective in some obvious way.

*Ramirez v. Butte-Silver Bow County*, 298 F.3d at 1027 (citations omitted); *See United States v. Leon*, 468 U.S. 897, 922-23, (1984) (search pursuant to a warrant is invalid if no reasonable officer could have believed the warrant was valid). As further explained by the Ninth Circuit:

> Line officers, on the other hand, are required to do much less. They do not have to actually read or even see the warrant; they may accept the word of their superiors that they have a warrant and that it is valid. So long as they 'make inquiry as to the nature and scope of [the] warrant, their reliance on leaders' representations about it is reasonable.

*Ramirez v. Butte-Silver Bow County*, 298 F.3d at 1027 (citations omitted).

Here, the allegations as to the wrongful conduct of each of the defendants are factually insufficient. The allegations fail to identify the conduct by each of the defendants for which plaintiffs seeks to hold them liable. The allegations do not identify what defendant Essegian did, and fail to identify the wrongful conduct by each defendant, other than Defendant Silva. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 ("Plaintiff's amended complaint should be brief, Fed.R.Civ.P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

rights"). Plaintiffs must allege more factually explicit wrongful conduct as to each defendant. Accordingly, the motion will be granted with leave to amend consistent with this order.

### 3. Pleading Standards as Set Forth in *Ashcroft v. Iqbal*

Plaintiffs argue that Rule 8 does not require a heightened pleading standard. Plaintiffs argue that they need only allege a short and plain statement of their claim for relief. They argue that the complaint sufficiently puts defendant Essegian on notice as to the claim.

A Court's evaluation of pleadings has been clarified by the Supreme Court, in *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). *Iqbal* concerned claims against a number of defendants, including FBI Director Mueller and Attorney General Ashcroft, made by Javaid Iqbal, a Muslim Pakistani who was part of the mass roundup of Muslim aliens on immigration charges following the September 11 attacks. *Iqbal* claimed that Mueller and Ashcroft were responsible for selectively placing detainees in their restrictive conditions on account of their race and religion. *Id.* at 1951. The Supreme Court found the allegations in the complaint insufficient to state a discrimination claim under the above-discussed *Twombly* "plausibility" standard. *Id.* at 1952. The Court held that a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " is insufficient to state a claim under Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

The Supreme Court stated the analysis is to "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1937. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. The next step is to consider the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. *Id.* at 1951. "A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949.

The Court has evaluated the pleadings pursuant to *Iqbal* and finds that the allegations do not sufficiently allege the wrongful conduct by each of the named defendants. It is insufficient to allege that the warrant was overbroad or that documents were seized outside of the warrant without alleging which defendant did what action. Contrary to plaintiffs' argument, the minimal notice pleading requirements

9

have changed. Since *Twombly*, the requirement for fact pleading has been significantly raised. *Moss*, 572 F.3d at 972 (*Twombly* and *Iqbal* represent a significant departure from the well-established tradition of notice pleading in the federal courts).

**E.     Second Cause of Action - Fourth Amendment Violation of Due Process**

All defendants move to dismiss the second cause of action. Defendants argue that plaintiffs have failed to set forth either a procedural or substantive due process claim. Plaintiffs argue, however, that there "is a world of difference between the Fourth Amendment violation, a procedural due process violation and a substantive due process deprivation." (Doc.15, Opposition p. 8.) Plaintiffs argue that they have plead they were deprived their property without due process, because the property taken was not recorded on the property receipt.

While the Fourteenth Amendment confers both procedural and substantive due process rights, *Armendariz v. Penman*, 75 F.3d 1311, 1318 (9th Cir.1996), the substantive due process rights that are reached by the Fourteenth Amendment are restricted to those rights that are "deeply rooted in this Nation's history and tradition." *Moore v. East Cleveland*, 431 U.S. 494, 503, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977).

Where, as here, a claim arises in the context of a seizure, the claim most often invokes the protection of the Fourth Amendment. A challenge to the reasonableness of a search by a government agent falls under the Fourth Amendment, and not the Fourteenth Amendment. *Conn v. Gabbert*, 526 U.S. 286, 293, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999). For instance, in *Conn v. Gabbert*, a prosecutor caused an attorney to be searched during a time when the client was testifying before a grand jury. The attorney brought suit, pursuant to 42 U.S.C. §1983, violating the attorney's Fourteenth Amendment right to practice his profession when the prosecutor executed the search warrant simultaneously with the client's appearance before the grand jury. The Court held that when the Constitution "provides an explicit textual source of constitutional protection," a court must assess a plaintiff's claims under that explicit provision and "not the more generalized notion of 'substantive due process.'" *Conn v. Gabbert*, 526 U.S. at 293. Where a provision of the Constitution "provides an explicit textual source of constitutional protection," a court must assess a claim under the explicit provision and not the more generalized concept of substantive due process. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865,

104 L.Ed.2d 443 (1989); *County of Sacramento v. Lewis*, 523 U.S. 286, 293 (1999). The Fourth Amendment also governs the manner of executing a search or seizure, including use of force and destruction of property. *United States v. Ramirez*, 523 U.S. 65, 71 (1998) (holding that manner in which law enforcement officials gained entry into home-by breaking a single window in the suspect's home-was reasonable and did not constitute a Fourth Amendment violation); *United States v. Ankeny*, 502 F.3d 829, 836-37 (9th Cir. 2007) (observing manner in which warrant is executed, including use of force and destruction of property, is subject to judicial review for reasonableness under the Fourth Amendment). Accordingly, the cause of action for seizure must be pursuant to the more explicit provision of the Fourth Amendment and not the Fourteenth Amendment.

Plaintiffs' claim do not invoke a constitutional right that lies outside the scope of the Fourth Amendment. Plaintiffs have cited no authority in which a substantive due process claim was upheld as a result of the execution of a search warrant. In fact, plaintiffs did not cite any authority whatsoever in support of their position that they may maintain a substantive due process claim. (Doc. 15, Opposition p.8-9.) Thus, since plaintiffs' second claim for relief alleges a claim of violation of substantive due process rights, that claim is improper and is dismissed.

Plaintiffs argue that the due process claim should remain because they allege a deprivation of property. Plaintiffs cite *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir.1998) for the general proposition that "[t]o establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty or property." (Doc. 17 Opposition p.5.) *Nunez*, however, did not involve a search warrant. *Nunez* involved a claim for deprivation of substantive due process for a police officer's failure to receive a promotion. The Court in *Nunez* found that no property interest existed in the "potential of a promotion" and dismissed the constitutional claim. *Nunez* has no application to the case before the Court. Accordingly, plaintiffs have failed to state a substantive due process claim.

**F.     The Third Cause of Action for Defamation in Violation of the Fourteenth Amendment**

The third cause of action alleges a constitutional claim for defamation against defendants Silva and Wilson. Plaintiffs allege: "Defendants gave statements to the media, i.e. local television stations and newspapers, which included false statements about Sona Vartanian and Pacific Marine Center, Inc."

(Doc. 4, Amended Complaint ¶42.).

Defamation is not a constitutional claim. An injury to reputation alone is not sufficient to establish a deprivation of a liberty interest protected by the Constitution. *Paul v. Davis*, 424 U.S. 693, 701, 711, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). In *Paul v. Davis*, the Supreme Court clarified that procedural due process protections apply to reputational harm only when a plaintiff suffers stigma from governmental action plus alteration or extinguishment of "a right or status previously recognized by state law." *Paul v. Davis,* 424 U.S. 693, 711, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). "[P]etitioners' defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause." *Id.*; *see also WMX Tech., Inc. v. Miller*, 197 F.3d 367, 374 (9th Cir. 1999) ("[R]eputation, without more, is not a protected constitutional interest.")

The Supreme Court in *Paul v. Davis* did not preclude all reputational damage. To support a claim under § 1983, the plaintiffs must show that the stigma was accompanied by some additional deprivation of liberty or property. This is referred to as the "stigma-plus" test. The "stigma-plus" test requires that in addition to reputational harm, a due process stigma claim must assert that a recognized liberty or property right, as secured by the due process clauses, has been violated. *Paul v. Davis*, 424 U.S. at 712, 96 S.Ct. 1155. To establish a deprivation of a liberty interest, a plaintiff must prove both "the public disclosure of a stigmatizing statement by the government, the accuracy of which is contested, plus the denial of 'some more tangible interest [ ] such as employment,' or the alteration of a right or status recognized by state law." *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 982 (9th Cir. 2002), quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976).

Here, plaintiffs fail to plead any stigmatizing statement. The pleadings allege only generalizations of "false statements." Plaintiffs' fail to plead they contest the accuracy of the specific statements made. Further, plaintiffs fail to plead any denial of a tangible interest or alteration of a right which was the result of the stigmatizing statement. Plaintiffs' general claim that they were defamed by the statement made by defendant Wilson and Silva is insufficient to state a constitutional violation. Plaintiffs' bare bones allegations raise nothing more than a potential defamation claim. Defamation is not protected by the Constitution.

12

Plaintiffs' argue that they allege "the effect . . . was to put Pacific Marine Center, Inc. out of business." (Doc. 17, Opposition p.6.) This allegation, however, is not related to any statement by defendants Silva or Wilson. The allegation states in full:

> "The object of Silva's search and seizure was to 'put Pacific Marine Center, Inc. out of business.' All of its records, documents, and computer were seized. The effect of Silva's search and seizure was to put Pacific Marine Center, Inc. out of business." (Doc. 4, Complaint ¶29.)

This allegation does not allege a stigma associated with a statement made by defendants. The allegation relates to the purpose of the search and seizure, not the result of an alleged statement. Accordingly, plaintiffs fail to allege a stigma plus violation.

**G.   Leave to Amend**

The Court will grant a further attempt to amend the complaint to allege factually and plausibly suggestive claims. Courts are free to grant a party leave to amend a complaint whenever "justice so requires." Fed.R.Civ.P. 15(a)(2). " Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991)). Because Plaintiffs may be able to add factual content to the complaint such that it states a claim on which relief can be granted, the Court grants leave to do so.

**CONCLUSION**

For the foregoing reasons, the motions to dismiss are GRANTED with leave to amend as to the first and third causes of action, to conform to the requirements as stated in this order. The second cause of action is dismissed without leave to amend. Plaintiffs shall have 20 days from the service of this order to file an amended complaint.

IT IS SO ORDERED.

**Dated:   October 7, 2009**            /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE