# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE CENTER, INC., a California corporation; SONA VARTANIAN, an individual,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SCOTT SILVA, in his individual capacity; TOM WILSON, in his individual capacity; E. ESSEGIAN, in his individual capacity; and DOES 1-25, inclusively,<br><br>　　　　　　　　Defendants. | 1:09 cv 1409 LJO-GSA<br><br>ORDER RE: PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DEFENDANT'S MOTION TO COMPEL<br><br>(Documents 50, 51, and 53) |

**I.     Introduction**

On June 24, 2010, Plaintiff, Sona Vartanian ("Plaintiff"), filed the instant Motion for a Protective Order to prevent the taking of her deposition on June 29, 2010. Defendant Essegian ("Defendant") filed a Motion to Compel the taking of the deposition, as well as a Motion to Compel the authorization of the release of her psychiatric records. The matter was heard on July 2, 2010, on shortened time before the Honorable Gary S. Austin, United States Magistrate Judge. Michael Linden personally appeared on behalf of Defendant Essegian. Richard Hamlish

1

appeared on behalf of Plaintiffs by telephone, and Oliver Lewis appeared on behalf of Defendants Scott Silva and Tom Wilson also by telephone.

**II.    Background**

The case is proceeding on the First Amended Complaint ("FAC") filed on October 20, 2009.[1] (Doc. 20). In the FAC, Plaintiff alleges that on August 10, 2009, law enforcement officers, Scott Silva, Tom Wilson, and E. Essegian conducted an illegal search of her business, Pacific Marine Center. Specifically, Plaintiff alleges that Defendant Silva gave false information in the affidavit of support for the search warrant, that officers searched and seized items and areas not identified in the search warrant, and the items seized were not recorded on the property receipt. Plaintiff contends that her business was adversely effected as a result of the search and seizure. She alleges violations of 42 U.S.C. § 1983 based on the Fourth and Fourteenth Amendments of the Constitution. Plaintiff contends the actions were done with the intention of inflicting mental pain, oppression, and emotional distress. Plaintiff requests $10,000,000.00 in general damages against each defendant for each cause of action; $10,000,000.00 in punitive and exemplary damages against each defendant for each cause of action; attorney's fees; costs; and other just relief.

On June 14, 2010, Plaintiff filed a Second Amended Complaint ("SAC") which adds several new defendants from the Department of Motor Vehicles, as well as a defendant from the City of Fresno. The SAC also includes several allegations regarding Plaintiff's emotional distress. Defendants have filed a motion to strike the SAC because Plaintiff did not request leave to amend. (Docs. 48 and 49). The hearing for this motion is scheduled to be heard on July 30, 2010.

The scheduling order in the instant case was issued on February 4, 2010. (Doc. 41). The following deadlines were established:

- Non-expert discovery cut-off: July 10, 2010
- Expert Disclosure: July 15, 2010
- Supplemental Expert Disclosure: August 1, 2010

---

[1] The initial complaint was filed on August 11, 2009.

2

- Expert Discovery Cut-Off: September 1, 2010
- Dispositive and Non-Dispositive Motion Filing Deadline: October 15, 2010
- Pretrial Conference: November 22, 2010
- Trial: January 10, 2011

The parties filed a motion to vacate the scheduling order in light of the filing of the SAC which was denied on June 15, 2010 by The Honorable Lawrence J. O'Neill for a lack of showing of good cause. (Doc. 45). On June 24, 2010, Plaintiff filed a Motion for Protective Order to prevent the taking of her deposition which was scheduled for June 29, 2010. (Doc. 50). On June 25, 2010, Defendant, Essegian filed a Motion to Compel the taking of the deposition, as well as an Ex Parte Application to Hear the Motion on Shortened Time. (Doc. 51). On June 28, 2010, Defendant also filed a Motion to Compel Plaintiff's psychiatric records and also filed an Ex Parte Application to Hear the Motion on Shortened Time. (Doc. 53).

On June 29 and 30, 2010, Plaintiff filed an opposition to the Ex Parte Request to Shorten Time, as well as a response to the Motions to Compel. (Doc. 55 and 58). Similarly, on June 29, 2010, Defendant filed an opposition to Plaintiff's Motion for Protective Order, and two Replies to Plaintiff's oppositions. (Docs. 56. 57 and 60). The hearing was held on July 2, 2010.

### III. The Motions

At issue in the instant motions are Plaintiff's alleged failure to attend her deposition and her refusal to give authorization for the release of her psychiatric records. Defendant requested that the Motions to Compel be heard on shortened time because the non-expert discovery deadline expires on July 10, 2010. Defense counsel contends that he sent Plaintiff a subpoena on June 16, 2010, noticing the deposition for June 29, 2010. On June 22, 2010, Defendant was advised by Plaintiff's counsel that Plaintiff would not be appearing at the deposition due to a doctor's order.

Defendant argues that Plaintiff has not established good cause for failing to appear at the deposition. First, the doctor's reports provided by Plaintiff provide no explanation as to how a deposition would be irreversibly damaging to Ms. Vartanian's mental heath. Second, there is no information indicating when Plaintiff would be available for a deposition. Finally, this case

3

1 involves the search of a business which cannot be characterized as a traumatic event such as, for
2 example, an accidental death.  Therefore, Defendant asserts that Plaintiff should give her
3 deposition and keep the litigation moving forward so that there is no prejudice to Defendant.

4     Defendant also seeks access to Plaintiff's psychiatric records on the basis that Plaintiff's
5 SAC contains new allegations related to the emotional distress claims including that she is under
6 the care of several mental health providers and she has recurring nightmares.  It is also alleged
7 that Plaintiff was recently taken to the hospital as a result of Defendant's actions and she has
8 suffered extreme emotional distress.  Plaintiff's attorney also represented that new facts were
9 alleged in the SAC because they were not remembered by Plaintiff until she had sessions with
10 her mental health doctors.  Plaintiff contends that she blocked out several of these facts but
11 therapy is now helping her remember them.  As a result, Defendant alleges Plaintiff has put her
12 mental health at issue.  Defendant seeks monetary sanctions in the amount of $577.50 for the
13 Motion to Compelling Plaintiff's Deposition and $660.00 for the Motion to Compel the
14 production of her psychiatric documents.  In the alterative, Defendant requests that the
15 scheduling order be modified accordingly so that discovery can be completed.

16     In opposition to Defendant's motion, and in support of her request for a protective order,
17 Plaintiff's counsel argues that on June 22, 2010, Dr. Daryn Reicherter, M.D., a psychiatrist at
18 Stanford University, called him and stated Plaintiff should not have her deposition taken at this
19 time.  Plaintiff also produced a letter from Dr. Reicherter stating that if Plaintiff's deposition was
20 taken, it could have a devastating affect on her condition and "set back any progress she might
21 have made in treatment."  (Doc. 62 at pg. 4).  Plaintiff also attached a letter from her doctor, Pam
22 Janda, M.D., whom she began seeing on September 11, 2009. (Doc. 50 at pgs. 7-10).   In this
23 letter, Dr. Janda does not address the deposition in any way but diagnoses Plaintiff with
24 hypertension and posttraumatic stress syndrome, as well as anxiety and depression.  *Id.*  Plaintiff
25 argues that the she is unable to be deposed based on these medical conditions.  She also opposes
26 the taking of her deposition because attached to the deposition notice was a request for the

production of documents and she was only given thirteen days notice.² Plaintiff argues under Fed. R. Civ. P. 34, thirty days notice is required for a production of document request. Finally, Plaintiff objects to signing a release for her psychiatric records based on the psychotherapist privilege. If the records need to be produced, Plaintiff requests that the Court conduct an *in camera* review to determine whether the privilege applies.

In reply, Defendant argues that none of the above explanations excuse Plaintiff from appearing at her deposition. The production of documents request listed on the notice of deposition relates to discovery requests that were previously made on April 19, 2010, and only required that Plaintiff bring documents that had not already been produced. Additionally, other than citing *Jaffe v. Redmond*, 518 U.S.1 (1996), Plaintiff has not cited to any legal authority supporting the contention that she has not waived the psychotherapist privilege given the new allegations in the SAC and her refusal to attend the deposition.

**IV.   Discussion**

*Plaintiff's Deposition*

Plaintiff seeks a protective order to prevent the taking of her deposition pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, which provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending - or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. *United States v. CBS, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982).

---

² Plaintiff also makes several arguments related to the specific request for the production of documents, however, the request for the production of documents is not at issue in this motion will not be addressed in this decision.

1    In order to establish good cause for issuance of a protective order, the party seeking
2 protection bears the burden of showing that specific prejudice or harm will result if no protective
3 order is granted.  See *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.
4 1992) (holding that broad allegations of harm, unsubstantiated by specific examples or
5 articulated reasoning, do not satisfy the Rule 26(c) test); *see also San Jose Mercury News, Inc. v.*
6 *United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that to gain a protective
7 order the party must make a particularized showing of good cause with respect to any individual
8 document).  In determining whether good cause exits for the protective order, the Court must
9 balance the interests in allowing discovery against the relative burdens to the parties and non
10 parties.  *In re Coordinated Pretrial Proceedings*, 669 F.2d 620, 623 (C.A. Okl.  1982).

11    Here, Plaintiff has not established good cause for a protective order based on the limited
12 information she has provided regarding her emotional state.  The records submitted by Plaintiff
13 from Dr. Janda dated June 14, 2010, indicates that as of June 4, 2010, Plaintiff had not yet seen a
14 mental health provider *despite* Dr. Janda referring her to a psychiatrist on October 30, 2009.
15 (Doc.  50 at pg. 8).  Moreover, correspondence to Mr. Linden from Plaintiff's counsel dated
16 June 24, 2010, indicates that Dr. Reicherter could not give an accurate assessment of when
17 Plaintiff could be deposed until he had a more definitive diagnosis and prognosis. (Doc. 51 at pg.
18 60).   This suggests that Dr. Reicherter has not yet diagnosed Plaintiff.   Finally, Plaintiff has not
19 indicated when she will be able to participate in her deposition.  This case is set for trial in
20 January 2011.  Given these circumstances, the Court will not extend these proceedings
21 indefinitely.  Plaintiff's arguments regarding the lack of thirty day notice for the deposition and
22 the accompanying document requests is moot since the thirty days will have passed prior to the
23 taking of the deposition.

24    Counsel have indicated that there are ongoing disputes regarding the production of
25 document requests that accompanied the notice of deposition.  The parties are advised that it is
26 unlikely that the trial date in this matter will be continued.  Counsel shall meet and confer to
27 resolve this conflict and are advised that if a Motion to Compel is filed, the parties will be
28 required to appear at a hearing *in person* to resolve the dispute.

*Psychiatric Records*

Defendant's Motion to Compel the release of Plaintiff's psychiatric records is denied. Defendant's arguments for the release of the records are based on the SAC. However, a motion to strike the SAC is pending. There are no allegations of emotional distress in the FAC which is the operative pleading governing these proceedings. Therefore at this juncture, Plaintiff's psychiatric records are not relevant.

*Sanctions*

Defendant has requested that sanctions be imposed for Plaintiff's failure to attend the deposition which necessitated the filing of the Motions to Compel. Rule 37(a)(5)(A) provides that if a motion to compel is granted, the Court must require the party whose conduct necessitated the filing of the motion to pay the movant's reasonable expenses in making the motion including attorney fees. Fed. R. Civ. P. 37(5)(A). Similarly, if the motion to compel is denied, the Court shall require the moving party to pay reasonable expenses. Fed. R. Civ. P. 37(5)(B). However, the court must not order payment if the movant filed the motion before attempting in good faith to obtain the discovery without a court order, if the opposing party's non-disclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(5)(A)(i-iii).

In this instance, sanctions are not warranted since all of the parties' actions were substantially justified given the circumstances. Although sanctions are not imposed for purposes of these motions, counsel are cautioned that sanctions will be imposed under Rule 37(5) for future Motions to Compel if the parties do not meet and confer in good faith, or if the requests and/or failure to produce the requested information is not substantially justified.

**V.    Conclusion**

Based on the foregoing, Plaintiff's Motion for Protective Order is DENIED and Defendant's Motion to Compel Plaintiff's Deposition is GRANTED. Plaintiff shall appear for her deposition on July 15, 2010 and July 16, 2010. Plaintiff shall not be questioned for a period longer than four hours without the consent of Plaintiff's counsel. The non-expert discovery deadline is extended for this purpose, as well as for the outstanding discovery requests served by

Defendant Essegian on April 19, 2010 only.  Defendant's Motion to Compel the release of Plaintiff's psychiatric records is DENIED.   The parties shall meet and confer regarding the disputes surrounding Defendant's discovery requests no later than July 10, 2010.


IT IS SO ORDERED.

Dated:   **July 9, 2010**                              **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE