# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE CENTER, INC., a California corporation; SONA VARTANIAN, an individual,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SCOTT SILVA, in his individual capacity; TOM WILSON, in his individual capacity; E. ESSEGIAN, in his individual capacity; and DOES 1-25, inclusively,<br><br>　　　　　Defendants. | 1:09 cv 1409 LJO-GSA<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE THE SECOND AMENDED COMPLAINT<br><br>ORDER VACATING HEARING SET FOR AUGUST 6, 2010<br><br>(Documents 48 and 49) |

**I.　Introduction**

　　Pending before the Court are Defendants Silva, Wilson, and Essegian's ("Defendants") Motions to Strike the Second Amended Complaint ("SAC") that were filed on June 23 and 24, 2010. (Docs. 48 and 49).  Plaintiffs, Pacific Marine and Sona Vartanian ("Plaintiffs), filed an opposition to the motions on July 9, 2010. (Doc. 69).  Replies were filed on July 12 and July 13, 2010.  (Docs. 74 and 75).  Based on a review of the pleadings, the Court determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g).  The

1

hearing set for July 30, 2010 at 9:30 am was vacated.  Upon consideration of the pleadings, Defendants' Motions to Strike the SAC are GRANTED.

**II.     Background**

The case is proceeding on the First Amended Complaint ("FAC") filed on October 20, 2009. [1]  (Doc. 20).  In the FAC, Plaintiff Sona Vartanian alleges that on August 10, 2009, law enforcement officers, Scott Silva, Tom Wilson, and Edward Essegian conducted an illegal search of her business, Pacific Marine Center.  Specifically, Plaintiff Vartanian alleges that Defendant Silva gave false information in the affidavit of support for the search warrant, that officers searched and seized items and areas not identified in the search warrant, and the items seized were not recorded on the property receipt.  Plaintiff contends that her business was adversely effected as a result of the search and seizure.  She alleges violations of 42 U.S.C. § 1983 based on the Fourth and Fourteenth Amendments of the Constitution.  Plaintiff contends the actions were done with the intention of inflicting mental pain, oppression, and emotional distress.  Plaintiffs request $10,000,000.00 in general damages against each defendant for each cause of action; $10,000,000.00 in punitive and exemplary damages against each defendant for each cause of action; attorney's fees; costs; and other just relief.

On June 14, 2010, Plaintiff filed a Second Amended Complaint ("SAC") which adds several new defendants employed by the Department of Motor Vehicles, as well as a defendant employed by the City of Fresno.  The SAC also includes several allegations regarding Plaintiff's emotional distress.

On June 23, 2010, Defendant Essegian, filed a Motion to Strike the SAC on June 14, 2010. (Doc. 48).  Similarly, on June 24, 2010, Defendants Silva and Wilson also filed a Motion to Strike the SAC.  Defendants have filed the Motions to Strike the SAC because no defendant consented to the filing of the amended pleading and Plaintiffs did not request leave of the Court file to amend the FAC pursuant to Fed. R. Civ. P. 15.  (Docs. 48 and 49).

In opposition, Plaintiffs allege that Defendants were advised that the SAC would be filed and neither attorney objected.  Plaintiffs argue that as a result, Defendants' attorneys gave their

---

[1] The initial complaint was filed on August 11, 2009.

implied consent to file the amended pleading. Furthermore, Plaintiffs contend that the Defendants and the Court were advised that an amended pleading would be filed as reflected in the scheduling order issued on February 4, 2010, which states that Plaintiff shall forward any proposed amended pleading to Defendants no later than July 1, 2010. (Doc. 41 at pg. 2 line 5).

### III.  Discussion

Rule 15 of the Federal Rules of Civil Procedure provides that after an amended complaint has been filed, a party may amend the pleading again only with the opposing party's written consent *or* with the Court's leave. Fed. R. Civ. P. 15(a)(2).

Here, Plaintiffs have not complied with Rule 15 as it is clear that no defendant has given written consent, nor did Plaintiffs obtain leave of the court to file the amended pleading. The Court is not persuaded by Plaintiffs' arguments that Defendants gave their implied consent by signing a stipulation to change the scheduling order dates based on the filing of the SAC. Rule 15 does not provide for a mechanism by which a party may give "implied consent." Furthermore, although the scheduling order indicated that Plaintiffs needed to forward any amended pleading to Defendants by July 1, 2010, there is nothing in that order relieving Plaintiffs of their obligations under Rule 15 of the Federal Rule of Civil Procedure. In this case, it is clear that Plaintiffs have not complied with Fed. R. Civ. P. 15. Therefore, Defendants' Motions to Strike the SAC shall be granted.

### IV.  Conclusion

Based on the foregoing, Defendants' Motions to Strike the Second Amended Complaint are granted. The Second Amended Complaint is STRICKEN. Plaintiffs must file a Motion for Leave to Amend the FAC, or alternatively obtain written consent from the opposing parties to file the SAC no later than **August 10, 2010.** Absent written consent to file the SAC, Plaintiffs must obtain leave from the Court to amend the FAC.

Notwithstanding the above, all counsel are advised that under Rule 15, Motions for Leave to Amend the Complaint are liberally construed and the Court should freely give leave when justice requires. Fed. R. Civ. P. 15(a)(2). In this case, Plaintiff is attempting to add new doe defendants and expand on existing causes of action. If the parties consent to the filing of the

SAC, or leave to file the SAC is granted, the existing scheduling order will be vacated, and new dates will be set to accommodate the newly named defendants and the expanded causes of action.

In light of this order, Defendants' Motion to Modify the Scheduling Order filed on July 9, 2010, will be held in abeyance until it is determined whether Plaintiffs will file a SAC. (Docs. 70 and 73).  Accordingly, the hearing for the Motion to Modify the Scheduling Order set for August 6, 2010 at 9:30 is VACATED.  If Plaintiffs do not file a SAC, the motion will be placed back on calendar at a later date, and any modifications to the scheduling order issued on February 4, 2010 that are granted, will be granted nunc pro tunc.

IT IS SO ORDERED.

Dated:   **July 30, 2010**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE