1

2

3

4

5

6

7

8    # UNITED STATES DISTRICT COURT

9    ## EASTERN DISTRICT OF CALIFORNIA

10   PACIFIC MARINE CENTER, INC., a          )   1:09-cv-1409 LJO-GSA
     California corporation; SONA            )
11   VARTANIAN, an individual,               )
                                             )
12              Plaintiffs,                  )
                                             )
13        v.                                 )   ORDER DENYING DEFENDANT'S
                                             )   MOTION FOR SANCTIONS
14                                           )
     SCOTT SILVA, in his individual capacity;)
15   TOM WILSON, in his individual capacity; )   (Document 87)
     E. ESSEGIAN, in his individual capacity;)
16   and DOES 1-25, inclusively,             )
                                             )
17              Defendants.                  )
                                             )
18   _____)

19

20   **I.      Introduction**

21        Pending before the Court is Defendant Essegian's ("Defendant") Motion for Evidentiary

     Sanctions filed on August 3, 2010.  (Doc. 87).  A hearing was set for September 3, 2010, at 9:30
22
     am.  Upon a review of the pleadings, the Court has determined that this motion is suitable for a
23
     decision without oral argument pursuant to Local Rule 230(g).  Accordingly, the hearing on
24
     September 3, 2010 is VACATED.  Defendant's Motion for evidentiary Sanctions is DENIED
25
     without prejudice.
26
     ///
27

28

1

## II.     Relevant Background

2        Plaintiffs, Sona Vartanian and Pacific Marine ("Plaintiffs") filed a complaint in this

3  action on August 11, 2009.  (Doc. 1).  On October 20, 2009, Plaintiffs filed a First Amended

4  Complaint ("FAC").  (Doc. 20).  In the FAC, Plaintiffs alleged that on August 10, 2009,  law

5  enforcement officers, Scott Silva, Tom Wilson, and E. Essegian conducted an illegal search of

6  Sona Vartanian's business, Pacific Marine Center.

7        The scheduling order was issued in this case on February 4, 2010 which set the non-

8  expert discovery deadline for July 10, 2010.  (Doc. 41).  On June 14, 2010, Plaintiffs filed a

9  Second Amended Complaint ("SAC") which added several new defendants from the DMV, as

10  well as a defendant from the City of Fresno.  Defendant filed a Motion to Strike the filing of the

11  SAC on June 23, 2010.  (Doc. 48).

12        On June 24, 2010, Plaintiffs filed a Motion for Protective Order to prevent the taking of

13  Sona Vartanian's deposition which was scheduled for June 29, 2010.  The basis of the request

14  was that Ms. Vartanian's psychiatrist indicated that requiring her to give a deposition would be

15  harmful to her mental health.  (Doc. 50).   On June 25, 2010, Defendant Essegian filed a Motion

16  to Compel the taking of the deposition, and requested an order to hear the matter on shortened

17  time. (Doc. 51-1).  On July 9, 2010, this Court issued an order requiring that Ms. Vartanian

18  appear for a deposition on July 15 and 16, 2010.

19        Ms. Vartanian appeared for the deposition as ordered.  However,  Defendant has filed the

20  instant Motion for Evidentiary Sanctions on the basis that Plaintiff did not participate in a

21  meaningful manner.  Specifically, she failed to answer basic questions and the deposition was

22  terminated prematurely.  Defendant is requesting that Ms. Vartanian be precluded from providing

23  any testimony under oath including responding to written discovery, or submitting any

24  subsequent declaration in opposition to a dispositive motion. (Doc. 87).   Plaintiffs' counsel did

25  not file an opposition to Defendant's Motion for Sanctions, however, Plaintiffs' counsel filed a

26  declaration indicating that he understood the motion was taken off calendar because the parties

27  have been meeting and conferring about scheduling another date that Ms. Vartanian will be

28  deposed.  He therefore thought Defendant's motion had been resolved. (Doc. 99).

**III.    Discussion**

If a party fails to appear for deposition or respond to discovery, sanctions may be imposed even in the absence of a prior court order.  Fed.R.Civ. P 37(d).  For a party's failure to respond to discovery, Rule 37(d) authorizes the Court to take action including:

1.     Designating facts as established;

2.     Refusing to allow the disobedient party to support or oppose designated claims or defenses;

3.     Prohibiting the disobedient party from introducing designated matters in evidence;

4.     Striking pleadings or parts thereof;

5.     Staying further proceedings until an order is obeyed;

6.     Dismissing an action, proceeding or any part thereof; or

7.     Rendering a default judgment against the disobedient party; or

8.     Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(d) (cross referencing sanctions identified in Rule 37(b)(2) (A)).

Since Defendant filed the instant motion, the parties stipulated to the filing of the SAC. The Court adopted the stipulation on August 24, 2010.  (Doc. 93).  The SAC names  additional defendants and contains new allegations related to emotional distress claims.   As a result, the Court vacated the scheduling order issued on February 4, 2010.  Another scheduling conference is set for November 10, 2010.  Given the change in the procedural posture of this case, granting Defendant's Motion for Evidentiary Sanctions would be an extreme remedy.   Moreover, at the last hearing on Defendant's Motion to Compel held on August 6, 2010, the Court ordered that the parties meet and confer and set another date for Ms. Vartanian's deposition. (Doc. 89). Apparently, the parties have done this and are working toward setting a new deposition date.

The Court recognizes that Defense counsel's participation in this required meet and confer did not waive the issue of sanctions raised in the instant motion.  Morever, although Plaintiffs did not file an opposition to the Motion for Sanctions, it does appear that Ms. Vartanian has some psychological issues that need to be addressed but counsel is willing to arrange for the taking of Ms. Vartanian deposition.

Given the fact that a new scheduling order has not yet been issued, it appears that the parties have ample time to work together to complete the deposition.   While the Court will not issue sanctions in this instance given the filing of the SAC, Plaintiff is forewarned that failure to meaningfully participate in a deposition without a documented medical excuse will likely result in the imposition of sanctions including, but not limited to, evidentiary sanctions, or dismissal of Plaintiffs' case for failure to prosecute.

**IV.    Conclusion**

Based on the above, it is hereby ordered that Defendant's Motion for Evidentiary Sanctions is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

**Dated:    September 1, 2010            /s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

4