# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE CENTER, INC., a California corporation; SONA VARTANIAN, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>SCOTT SILVA, in his individual capacity; TOM WILSON, in his individual capacity; E. ESSEGIAN, in his individual capacity; and DOES 1-25, inclusively,<br><br>    Defendants. | 1:09-cv-1409 LJO-GSA<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO COMPEL<br><br>(Document 71) |

On July 9, 2010, Defendant Essegian filed a Motion to Compel. (Doc. 70). A Joint Statement of Discovery Dispute was filed on July 30, 2010. (Doc. 85). A hearing on the motion was held on August 6, 2010. Richard Hamlish personally appeared on behalf of Plaintiffs, Pacific Marine Center and Sona Vartanian ("Plaintiffs"). Michael Linden personally appeared on behalf of Defendant Essegian.

**I. Stipulations of the Parties**

At the hearing, the parties participated in a further meet and confer and agreed to the following:

1

### A. Interrogatories to Pacific Marine Center Inc.

**Interrogatory No. 4:** Plaintiffs have agreed to provide the last-known addresses of all employees of the plaintiff corporation who are not current employees. Defendant Essegian agrees to contact all current employees through Plaintiffs' counsel.

**Interrogatory Nos. 20-22:** Plaintiffs agree to provide a short, plain statement describing the documents supporting the corporation's claim for economic damages, including loss of business revenue. The statement is as follows: "The sales journals are a list of each and every sale that was transacted between July 1, 2008 and April 30, 2010. The sales journals tend to show the stream of business by Pacific Marine Center, Inc. The sale amounts tend to show that Pacific Marine Center's sales decreased after the DMV search and seizure on August 10, 2009. The sales summaries and sales tax returns tend to reinforce the data in the sales journal."

**Interrogatory No. 21:** Defendant Essegian agrees to contact witness Mardig Krikorian through Plaintiffs' counsel.

### B. Interrogatories to Sona Vartanian

**Interrogatory Nos. 6, 9:** Defendant Essegian agrees to withhold seeking relief from the Court as to these interrogatories pending the outcome of his motion for evidentiary sanctions.

**Interrogatory No. 15:** In light of the representation made by Plaintiffs' counsel that Sona Vartanian, individually, is not seeking economic damages, there is no need to provide a further response to this interrogatory.

## II. Court Rulings

In addition the above, there were three contested issues remaining. The Court made the following two rulings from the bench:

### A. Interrogatories to Sona Vartanian

**Interrogatory No. 2:** Defendant Essegian's motion is GRANTED IN PART. Sona Vartanian shall provide evidence of her income generated from employment at Barstow Community College between 2003-2008.

**Interrogatory No. 18:** Defendant Essegian's motion is DENIED WITHOUT PREJUDICE.

**Interrogatory No. 21:**  There was one additional issue that the court took under submission relating to Interrogatory 21 which requests the disclosure of a list of all people Plaintiff interviewed regarding the investigation of this case.

Plaintiffs have argued that only the identity of witnesses who will testify at trial should be released and these names were previously disclosed in initial disclosures.  Conversely, Defendant requests the identity of all persons interviewed by Plaintiffs.  Specifically, Defendant is seeking the name of any person who was a percipient witness to the search even if they are not called by Plaintiffs as a witness at trial, as well as any individuals who were interviewed regarding warranties issued by the Plaintiffs.

The Ninth Circuit has not ruled on the issue of whether witness identities are discoverable.  District courts have been split on the issue. *Compare e.g. In re: Harmonic Inc., Securities Litigation*, 245 F.R.D. 424 (N.D. Cal. 2007) (holding that identities of confidential witnesses were not protected under attorney work-product); *Miller v, Ventro Corp*., 2004 WL 868202 (N.D.Cal. Apr. 21, 2004) (same) with *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555 (N.D. Cal. June 21, 2005) (identity of witnesses plaintiff's counsel had interviewed in preparing the complaint were protected by work product privilege); *In re Ashworth, Inc., Securities Litigation*, 213 F.R.D. 385 (S.D. Ca. 2002) (same).

Plaintiffs have not explicitly argued that the names of the individuals are protected under the attorney work product privilege.  However, Plaintiffs have argued that attorneys interview many persons during the course of investigating a case and it would be too burdensome to document each and every interview.  Plaintiffs counsel contends that his office received hundreds of calls related to this incident and often the calls did not result in the exchange of any legitimate information.  Furthermore, no record of the calls were kept.

Upon a review of the arguments, Defendant's Motion to Compel regarding Interrogatory 21 is GRANTED IN PART.  Rule 26 of the Federal Rules of Civil Procedure requires that information subject to discovery must be relevant and reasonably calculated to lead to the discovery of admissible evidence.  The Court has determined that a portion of Defendant's request is overly broad and not relevant.  As such, Plaintiff shall produce the names of all

1  individuals interviewed who were percipient witnesses to the search regardless of whether
2  Plaintiff intends to call them as a witness at trial.  However, Plaintiffs are not required to release
3  the names of people Plaintiffs interviewed, if any, related to warranty issues.  Defendant has
4  failed to demonstrate how the later issue relates to a defense of this civil rights action for a
5  violation of Plaintiffs' Fourth Amendment Rights.
6       Based on the above, it is hereby ordered that Defendant's Motion to Compel is
7  GRANTED IN PART and DENIED IN PART.  Plaintiffs shall provide all of the information
8  outlined above within thirty (30) days of the date of this order.
9       IT IS SO ORDERED.
10      Dated:   **September 3, 2010**            /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE